**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LOWRITA RICKENBACKER,

                            Petitioner,

                -against-

UNITED STATES OF AMERICA,

                            Defendants.
-------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
03 CV 1773 (ADS) (ETB)

**APPEARANCES**

**LOWRITA RICKENBACKER**
Pro Se Petitioner
570 Clocks Blvd.
Massapequa, NY 11758

**ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, NY 11722
        By:    Stephen C. King, Assistant U.S. Attorney

**SPATT, District J.**

Lowrita Rickenbacker ("Rickenbacker" or the "Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner seeks to vacate the judgment and sentence imposed following her plea of guilty to credit card account fraud on the following grounds: (1) ineffective assistance of counsel; (2) prosecutorial error; and (3)

the Bureau of Prison's failure to follow the sentencing recommendation of the court. For the reasons stated below, Rickenbacker's petition is denied.

## I. BACKGROUND

On February 14, 2002, the Petitioner and others were arrested based on a complaint alleging that they violated 18 U.S.C. §§ 371 and 1029 by obtaining things of value aggregating more than $1,000 through the use of credit cards that were stolen or obtained with intent to defraud.

On June 18, 2002, the Petitioner entered into a written cooperation agreement with the Government that provided, among other things, that the Petitioner must assist the Government by giving truthful testimony and not commit or attempt to commit any further crimes. In consideration, the Government agreed not to oppose a reduction of the Petitioner's sentence for acceptance of responsibility. The Government also agreed to file a motion pursuant to United States Sentencing Guidelines ("USSG") § 5k1.1 if the Petitioner provided substantial assistance to the Government. The agreement further stated that if the Petitioner violated any term of the agreement the Government would be released from its obligations under the agreement.

On July 18, 2002, the Petitioner entered a plea of guilty before United States Magistrate Judge E. Thomas Boyle to a single-count information charge of credit card fraud. Following her plea, the Petitioner was released on a $10,000 unsecured bond. On

November 17, 2002, the Petitioner was arrested in Suffolk County, New York and charged with Aggravated Unlicensed Driving and Driving While Impaired. At the time of arrest, the Petitioner admitted that she had been using crack cocaine and was found to be in possession of a crack pipe. On November 26, 2002, the Court revoked the Petitioner's bail.

After the Petitioner's arrest, the Government notified her that it would not file a USSG § 5k1.1 motion. The Government explained that the Petitioner failed to provided substantial assistance and failed to adhere to the terms of the cooperation agreement when she committed or attempted to commit another crime.

On December 20, 2002, the Petitioner was sentenced to twenty-four months imprisonment, three years supervised release, and a special assessment of $100, for her plea of guilty to credit card fraud. At the Petitioner's request, the Court recommended that the Bureau of Prisons place her in a "shock incarceration" program. The Petitioner did not appeal her sentence.

On April 7, 2003, while in custody at the Federal Correctional Institution in Danbury, Connecticut, the Petitioner filed this motion alleging: (1) counsel rendered ineffective assistance by failing to file a motion for a downward departure based on substandard conditions the Petitioner endured while detained at the Nassau County Correctional Center; (2) prosecutors erred by not notifying the Court about the Petitioner's

3

cooperation; and (3) the Bureau of Prisons did not adhere to orders given by the Court at sentencing.

## II. DISCUSSION

### A. Standard of Review

Section 2255 provides a post conviction remedy for federal prisoners similar to the historic writ of habeas corpus available to state prisoners that is now codified in section 2254. Pursuant to section 2255, a federal prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the basis that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255.

As stated by the Second Circuit, "because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995) (citing United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593, 71 L. Ed.2d 816 (1982)). As a result, prisoners seeking habeas corpus relief pursuant to Section

4

2255 must show both a violation of their constitutional rights and "substantial prejudice" or a "fundamental miscarriage of justice." Id. at 301.

Further, in Section 2255 proceedings, the Supreme Court has recognized the rule of procedural default or "exhaustion" of federal remedies. Reed v. Farley, 512 U.S. 339, 354 (1994). Generally, the rule bars the presentation of a claim through a writ of habeas corpus where the petitioner failed properly to raise the claim on direct review. Id. If the claim has not been presented on direct review, the requirement may be waived only if the petitioner establishes "cause" for the waiver and shows "actual prejudice" from the alleged violations. Id.

However, the traditional procedural default rule generally does not apply to ineffective assistance of counsel claims. Massaro v. United States, 538 U.S. 500 123 S. Ct. 1690; 155 L. Ed. 2d 714 (2003). In Massaro, the Supreme Court held that ineffective assistance claims are appropriately litigated in the context of a collateral challenge in the district court and not on direct appeal. Id. at 504–05; accord United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 n.9 (2004). This is so because the trial record is not developed precisely for the object of litigating the ineffective assistance claim, but instead is devoted to issues of guilt or lack of guilt. Massaro, 538 U.S. at 504–05.

Finally, the Court is mindful that the petitioner is proceeding pro se and that her submissions must be liberally construed in favor of the petitioner. See Douglas v. United

States, 13 F.3d 43, 47 (2d Cir. 1993).  With these principles in mind, the Court will discuss the procedural viability of each of the Petitioner's collateral challenges to her conviction.  If the claim was properly brought before this Court in a collateral proceeding, the Court will then review the substance of the claim.

**B.     Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a petitioner must demonstrate: (1) that her counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and(2) that she was prejudiced by her counsel's deficient performance.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  In applying the above two-prong test, "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  The inquiry focuses "on the fundamental fairness of the proceeding whose results are being challenged." Id. at 696, 104 S. Ct. at 2069.  "The court's central concern is not with 'grading counsel's performance' but with discerning 'whether despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.' " United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 696–97, 104 S. Ct. at 2069).

6

The burden is on the petitioner to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, as the Supreme Court has noted, "there are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Id.

With respect to the second prong, the petitioner can only establish prejudice if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Billy-Eko v. United States, 8 F.3d 111, 114 (2d Cir. 1993). In the context of evaluating counsel's performance with regard to sentencing, a claim of ineffective-assistance can only be considered prejudicial if the petitioner could have received a lesser sentence. For example, if the petitioner claims that counsel failed to move for a downward departure, the claim can only succeed if the petitioner was actually eligible for the departure. See Rosario-Dominguez v. United States, 353 F. Supp. 2d 500, 517 (S.D.N.Y. 2005); Lopez v. United States, 2002 WL 1471540, at *3 (E.D.N.Y. May 15, 2002); United States v. Heron, 1999 WL 509469, at *2–3 (S.D.N.Y. July 19, 1999) ("Because [petitioner] was not entitled to a downward departure, his attorney caused him no cognizable prejudice.").

Here, the Petitioner argues that her attorney failed to file a motion for a downward departure of her sentence based on perceived hardships that the petitioner endured while

being incarcerated at the Nassau County Correctional Center. In support, the Petitioner submits the information she provided her attorney before sentencing. The information consists of letters written to Sheriff Reilly complaining of the conditions that she endured while detained at the Nassau County Correctional Center before she was sentenced.

In one of the letters, dated April 16, 2002, Rickenbacker complained of unsanitary food preparation and conditions. She detailed several instances where rodent feces and bite marks were on her milk containers. In another instance, she and other inmates were served bread that rodents apparently had partly eaten. In addition, she was served a loaf of bread in which a mouse had created a tunnel inside. Rickenbacker also complained that the library was inadequate and lacked required books and other materials. Based on these complaints, the Petitioner requested that her counsel move for a downward departure for substandard conditions during pretrial detention.

In United States v. Carty, 264 F.3d 191 (2d Cir. 2001), the Second Circuit held "that pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures." Id. at 196; see also United States v. Teyer, 322 F. Supp. 2d 359, 377 (S.D.N.Y. 2004); United States v. Mateo, 299 F. Supp. 2d 201, 207–12 (S.D.N.Y. 2004). In Carty, the defendant was allegedly held in a four-foot by eight-foot cell with three or four other inmates without light or running water. He received ten to fifteen minutes per day outside of his cell to bathe and was allowed to make only one phone call

per week. The only toilet available was a hole in the ground. He was denied access to paper, pens, newspaper, and radio. In addition, while he was incarcerated he lost forty pounds. Carty, 264 F.3d at 193. After holding that these conditions could justify a downward departure, the Second Circuit remanded the case to the district court to reconsider whether these conditions warranted a downward departure. Id. at 197. Ultimately, the district court declined to downwardly depart on the basis of this defendant's substandard pretrial detention conditions. See Teyer, 322 F. Supp. 2d at 378 n.9.

In this case the Petitioner's alleged substandard conditions do not rise to the level that would warrant a downward departure. Although the conditions that the Petitioner allegedly experienced were unpleasant, the Court does not find that they are "extraordinary" or "outside the heartland" so as to justify a departure. See, e.g., Mateo, 299 F. Supp. 2d at 211 (finding that a downward departure was appropriate where the defendant experienced sexual abuse by a prison guard and the birth of a child without medical attention). Here, the Petitioner was served food that she perceived that rodents had gained access to and was not provided with a fully stocked library. These conditions are not extraordinary in comparison with the abusive conditions detailed in Mateo and Carty.

Based on the reasoning stated above, the Court finds that the Petitioner's counsel acted reasonably in deciding not to move for a downward departure. In addition, Rickenbacker has failed to demonstrate she was prejudiced by the decision. Because there

was no reasonable basis for a downward departure based on substandard pre-sentence detention, counsel's decision not to request a downward departure had absolutely no effect on the outcome of the sentence. Accordingly, the Court rejects Rickenbacker's claim of ineffective assistance of counsel based on the alleged failure by her attorney to move for a downward departure on the ground of the conditions of her pre-trial detention.

Generally, when a prisoner claims that her lawyer failed to make a motion or adopt a particular legal strategy, a hearing is necessary in order to determine why the attorney failed to take the step the petitioner claims was appropriate. Cox v. Donnelly, 387 F.3d 193, 201 (2d Cir. 2004); Chang v. United States, 250 F.3d 79, 84-86 (2d Cir.2001). However, as stated above, the record of here clearly demonstrates that there was no basis for the Petitioner's requested motion. Therefore, her claim of ineffective assistance of counsel is denied.

**C.    Prosecutorial Error**

The Petitioner claims that her cooperation agreement was not taken into consideration by the Court at sentencing and that her counsel and the prosecutor did not mention her cooperation. The Petitioner did not raise this issue, nor did she appeal her sentence.

As stated above, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro, 538 U.S. at 504, 123 S.

Ct. at 1693; see also Bousley v. United States, 523 U.S. 614, 621–22, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); United States v. Frady, 456 U.S. 152, 167–68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). Claims may be raised for the first time in a section 2255 motion if the defendant demonstrates either: (1) "cause for failing to raise the issue and prejudice resulting therefrom"; or (2) actual innocence. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993). "To satisfy the 'cause' requirement, the petitioner must show circumstances 'external to the petitioner, something that cannot be fairly attributed to him.' " Rosario-Dominguez v. United States, 353 F. Supp. 2d 500, 508 (S.D.N.Y. 2005) (quoting Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) and Coleman v. Thompson, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

Rickenbacker's petition states that she did not appeal because she was unadvised as to her rights. Rickenbacker also states that she did not raise the claims because of "ignorance." These reasons alone fail to demonstrate a sufficient cause for her failure to file an appeal. The two reasons that the Petitioner states in her motion are directly attributable to herself and not to any external source. Accordingly, the Petitioner's failure to raise the claim of prosecutorial error on appeal is a procedural bar to any subsequent collateral attack on the sentence by a section 2255 motion.

However, even assuming the Petitioner was not procedurally barred, the claim would fail. The Court, the Government, and the Petitioner's counsel all had a valid reason not to mention the Petitioner's claim of cooperation. The Petitioner forfeited her right under the cooperation agreement to a 5k1.1 motion for providing substantial assistance when she was arrested and charged with Aggravated Unlicensed Driving and Driving While Impaired.

**D.     As to the Bureau of Prisons Claim**

The Petitioner's final contention is that the Bureau of Prisons failed to follow the Court's recommendation that the Petitioner be placed in a Shock Program and given drug and psychiatric treatment. Constitutional and statutory claims that attack the execution of a sentence by prison officials, rather than the imposition or terms of sentence, are not cognizable in section 2255. However, those type of claims may be cognizable in federal prisoner habeas corpus proceedings under 28 U.S.C. § 2241.

Section 2241 petitions are generally reserved for challenges to "the execution of a federal prisoner's sentence." Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2002). The execution referred to includes matters such as the administration of parole, computation of the sentence, transfers between prisons, and conditions of detention. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir. 1997). Here, the Petitioner's third ground for relief attacks the execution of the sentence and not its legality. As such, a petition pursuant to Section 2241 is the proper

12

vehicle. See Hernandez v. United States, 2005 U.S. Dist. LEXIS 6587, at *2–3 (S.D.N.Y. 2005).

Under section 2241, Federal district courts are granted limited jurisdiction to issue writs only "within their respective jurisdictions." 28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 124 S. Ct. 2711, 2724, 159 L. Ed. 2d 513 (2004). At the time this petition was filed, Rickenbacker was confined to the Federal Correctional Institution in Danbury, Connecticut. This Court does not have jurisdiction to issue a writ to custodians of prisoners in Connecticut. Thus, the Court lacks jurisdiction over the Petitioner's third ground for relief.

However, even assuming that this Court did have jurisdiction, it is settled law that it is within the discretion of the Bureau of Prisons, and not the court, as to whether a prisoner is admitted to the programs that the Petitioner mentions. See Lasorsa v. Spears, 2 F. Supp. 2d 550, 554, aff'd, Lasorsa v. Menifii, 182 F.3d 900 (2d Cir. 1999). Accordingly, the Petitioner's third ground for relief is dismissed.

### III.   CONCLUSION

For the reasons stated above, Rickenbacker's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED, as the Petitioner fails to make a substantial showing of a denial of

a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
April 23, 2005

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge